Henry B. Whitbeck, Esq. Attorney for the Town of Summit
You have asked several questions in relation to participation by an alien in fire district affairs and as a volunteer fireman. We assume the fire district is governed by Town Law Article 11 (§§ 170 through 189).
You inquire whether an alien may be elected as a fire district commissioner. The answer is no. Fire district commissioners are local public officers who must take and file the constitutional oath of office (Town Law § 174 subds. 5, 6) and a qualification for office is being a resident elector (Town Law § 175 subd. 3). (See enclosed copy of an informal opinion of this office dated December 27, 1979, addressed to Daniel G. Schum.)
You ask whether an alien may vote at a fire district election. The answer is no. The qualifications to vote contained in Election Law § 5-102
subd. 1 require that a voter be a citizen.
You ask whether an alien may become a member of a district fire department. The answer is yes. (See Sugarman v Dougall, 413 U.S. 634
[1973].) (Not-for-Profit Corporation Law § 1402 subd. c; Town Law § 176-b subd. 2.)
You also ask whether an alien may hold office in the district fire department. We assume by "office in the district fire department" you refer to either chief or assistant chief (a fire chief is not a public officer; see 1975 Op Atty Gen 241, copy enclosed), or to an officer of an incorporated fire company in the fire department, such as president, vice-president, secretary or treasurer. Any of such offices may be held by an alien (Town Law §§ 176 subd. 11-a, 176-b). However, the firecompany corporate offices of secretary and treasurer must not be confused with the public offices of fire district secretary and treasurer which, being public offices, may be held only by citizens.
It would constitute a conflict of interest for a town board member who is an attorney to practice law before a town justice of the same town. An attorney would have a conflict of interest if he practices in a town justice's court and if his associate in the practice of law is a member of the town board of that town.
Dated: February 6, 1980
Robert Trotta, Esq. Davis and Trotta, Esqs.
You have asked for our opinion upon the permissibility of the following:
 "1). The practice of law in matters where a township is not a party to the action by the Town Attorney in the Town Court.
 2). The practice of law by a Town Board member in a Town Court where the Town is not a party to the lawsuit."
You state that the town board member is an attorney and that he and the town attorney are associates in the practice of law.
Opinions of this office concerning conflicts of interest of municipal officers are subject to the applicable municipal code of ethics and to determinations of a local board of ethics if one has been established. Such an opinion, if it relates to an attorney, also is subject to a determination by the New York State Bar Association as to ethical conduct of attorneys.
A town board member participates in fixing the salary of the town justices and in the auditing of expense vouchers submitted by the town justices as well as in determining various other aspects of the functioning of the town court, such as the help which may be provided to the town justice, the place where the court shall be held and rental to be paid for courtroom and office space.
In our opinion, it would constitute a conflict of interest for a town board member who is an attorney to practice law before a town justice of the same town.
It was stated in New York State Bar Association Professional Ethics Committee Opinion No. 199 (1971):
 "If a lawyer is required to decline employment under DR 5-105, no partner or associate of his or his firm may accept said employment. DR 5-105(D)."
In more detail, it was held in id., No. 40 (1966):
 "* * * attorneys may not represent conflicting interests without the consent of the clients after full disclosure and understanding by the clients of the consequences. The relationship between partners of a law firm is so close that the firm and all members thereof are precluded from accepting employment from which any one member is barred. * * * it is true irrespective of whether the lawyer is a partner or an associate of the law firm as both are engaged in carrying on the practice of the firm. * * *.
 "Service by a lawyer in a public capacity carries the same restrictions as to conflict of interest as service for private clients. * * *.
 "* * * No question of consent is involved because the public cannot give its consent to a conflict of interest. * * *".
In our opinion, an attorney would have a conflict of interest if he practices in a town justice's court and if his associate in the practice of law is a member of the town board of that town.